United States District Court
District of South Carolina

| | | |
|---|---|---|
| James Adam Ringo, #989140; | ) | C/A No. 3:05-3343-GRA-JRM |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| Lexington County Solicitors Office; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Plaintiff, James Ringo (hereafter, the "Plaintiff"), is a state prisoner proceeding *pro se*. Under the provisions of Title 28 United States Code section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in such prisoner cases and submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff appears to be a pre-trial detainee in the Lexington County Detention Center (LCDC). The nature of his pending criminal prosecution is unknown. He sues the Office of the Solicitor for Lexington County. The Complaint consists of a single sentence: "I want a speedy trial, or compliance with my previously filed motions." [1-1, p. 5]

## *PRO SE* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, supra. Even under this less stringent standard, however, the *pro se*

1

Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 8(a) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) provides the following guidance with respect to complaints (and other affirmative claims):

> Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Literally, Plaintiff's complaint contains no factual allegations. He merely expresses dissatisfaction with the pace of his underlying criminal proceeding.

## **FAILURE TO STATE A CLAIM**

Although Plaintiff brings this case as a civil rights action under 42 U.S.C. § 1983, he is actually seeking a directive from this Court to the Lexington County Solicitor. Plaintiff evidently believes that this Court exercises supervision over such officials of South Carolina's state government. In effect, Plaintiff is asking for a Writ of Mandamus directing a speedy trial and due process. This Court is without jurisdiction to grant such relief.

This Court is authorized to grant writs of mandamus under two statutes: 28 U.S.C. § 1361 and 28 U.S.C. § 1651. The first statute declares:

> The district courts shall have original jurisdiction of any action in the nature of

mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

The writ of mandamus, under 28 U.S.C. §1361, is designed to enforce ministerial duties of employees or agencies of the United States government. The Lexington County Solicitor is not an agency of the United States government and therefore are not subject to mandamus under this statute.

Even if the Defendant was amendable to such a writ, the principle is well settled that § 1361 applies only when a petitioner's right is "clear" and the agency action is "defined and peremptory"and not subject to any exercise of discretion. This rule has been in place at least since 1937, as stated by the United States Supreme Court in <u>United States v. Helvering</u>, 301 U.S. 540 (1937):

> Where the right of the petitioner is not clear, and the duty of the officer, performance of which is to be commanded, is not plainly defined and peremptory, mandamus is not an appropriate remedy.

301 U.S. at 543. The Lexington Solicitor's discretionary authority with respect to prosecution and the scheduling of cases cannot be treated as a "clear" or "defined and peremptory" mandate. A Writ of Mandamus under 28 U.S.C. § 1361 is not available to Plaintiff.

The so-called "All Writs" statute, 28 U.S.C. § 1651, provides:

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
> (b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

The writ of mandamus is recognized as a drastic remedy to be used only in extraordinary circumstances. <u>Allied Chemical Corp. v. Daiflon</u>, 449 U.S. 33 (1981). The writ of mandamus is infrequently used by federal courts, and usually in aid of their own jurisdiction. <u>Gurley v.</u>

Superior Court of Mecklenburg County, 411 F.2d 586 (4th Cir. 1969). The statute is not a vehicle whereby jurisdiction may be acquired.

In Gurley v. Superior Court of Mecklenburg County, supra, a prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (North Carolina) to prepare a free transcript. The district court in Gurley denied the relief sought by the prisoner. On appeal in Gurley, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's petition had been treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." Gurley v. Superior Court of Mecklenburg County, 411 F.2d at 587.

The holding in Gurley was adopted by the United States Court of Appeals for the Second Circuit in Davis v. Lansing, 851 F.2d 72, 74 (2nd Cir. 1988), holding that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74. See also Craigo v. Hey, 624 F. Supp. 414 (S.D.W.Va. 1985). In Craigo, the district court concluded that the petition for a writ of mandamus was frivolous, within the meaning of 28 U.S.C. § 1915, under Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983), and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). It was, therefore, subject to summary dismissal. Craigo v. Hey, 624 F. Supp. at 414.

Whatever the posture of Plaintiff's criminal proceeding, his proper course is to raise

issues of speedy trial and due process in state court. Absent extraordinary circumstances, federal courts are not authorized to intervene in pending state criminal proceedings. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971). The United States Court of Appeals for the Fourth Circuit has ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989). As a matter of law, Plaintiff fails to state a claim upon which relief may be granted.

## §1915 SCREENING

Under 28 U.S.C. § 1915 a District Court may dismiss a pleading by an indigent and/or *pro se* litigant upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hemandez, 504 U.S. 25 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under §1915(e) if the facts alleged are clearly baseless. Denton v. Hernandez, supra. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. Id.

## RECOMMENDATION

The Defendants should not be required to answer this frivolous and insubstantial action. It is therefore recommended that the within Complaint be dismissed without prejudice.

Plaintiff's attention is directed to the Notice on the following page.

Respectfully Submitted,



Joseph R. McCrorey
United States Magistrate Judge

December 5, 2005
Columbia, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are not sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded pro se in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a pro se litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger de novo review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**
